UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-134-TAV-HBG |
| | ) | |
| PHILLIP M. PACK, | ) | |
| RUSSELL L. PACK, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 21, 2016, for a motion hearing on Defendant Phillip Pack's Motion to Extend Filing Deadlines and Trial Date [Doc. 57], filed on April 7, 2016. Assistant United States Attorney Caryn Hebets, represented the Government. Attorney Greg Isaacs represented Defendant Phillip Pack and Attorney Wesley Stone represented Defendant Russell Pack. Both Defendants were present for the hearing.

The motion states that Attorney Isaacs was recently retained in this case by Defendant Phillip Pack and that due to the complex nature of the legal and factual circumstances this case presents, counsel will need additional time to meet with his client and review discovery. The motion further explains that shortly after Attorney Isaacs was retained, Defendant Phillip Pack was transported to an undisclosed facility and was not transferred back to East Tennessee until approximately two weeks prior to the filing of the instant motion.

1

During the hearing, Attorney Isaacs represented to the Court that his client had no objection to the motion and agreed to waive his rights to a speedy trial. Attorney Stone likewise represented that his client, Defendant Russell Pack, had no objection to the motion or a continuance of the trial date. Additionally, the Government stated it did not oppose a continuance in this case. The parties then agreed on a new trial date of October 18, 2016.

The Court finds Defendant Phillip Pack's motion to continue to be well-taken, and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that the motion demonstrates a need for additional time for defense counsel to interview his client, review discovery, and investigate the facts of the case. The Court finds that this necessary trial preparation could not take place before the May 3, 2016 trial date, or less than six months. Accordingly, the Court finds that the failure to grant a continuance would deprive counsel of the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to a codefendant, courts should be guided by the policies supporting the enactment of section 3161(h)(6):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, Defendants Phillip Pack and Russell Pack are jointly indicted and no motion for severance has been filed. Based upon the reasons given above, and Defendant Russell Pack's lack of opposition to a continuance in this case, the Court finds the six month delay caused by Attorney Isaacs' need to interview his client, review discovery, and prepare for trial to be reasonable. Accordingly, this delay is also attributable to Defendant Russell Pack. 18 U.S.C. § 3161(h)(6).

Therefore, Defendant Phillip Pack's Motion to Extend Filing Deadlines and Trial Date [**Doc. 57**] is **GRANTED**, and the trial is reset to **October 18, 2016**. The Court also finds that all the time between the motion hearing on April 21, 2016, and the new trial date of October 18, 2016, to be fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(6), & -(7)(A)-(B). With regard to further scheduling in this case, the deadline for concluding plea negotiations is reset to **September 16, 2016**. The parties are to appear before the undersigned for a pretrial conference on **October 4, 2016, at 11:00 a.m.** In addition, the Court instructs the parties that all motions *in limine* must be filed no later than **October 3, 2016**. Finally, special requests for jury instructions shall be submitted to the District Court no later than **October 7, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4. The

3

Defendants are advised that they may seek leave of Court should the need arise to file a pretrial motion.

Accordingly, it is **ORDERED**:

(1) Defendant Phillip Pack's Motion to Extend Filing Deadlines and Trial Date [**Doc. 57**] is **GRANTED**;

(2) The trial of the Defendants is reset to **October 18, 2016**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States Chief District Judge;

(3) All time between the motion hearing on **April 21, 2016**, and the new trial date of **October 18, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The parties have until **September 16, 2016**, to conclude plea negotiations;

(5) A pretrial conference is set in this matter for **October 4, 2016, at 11:00 a.m.**

(6) Motions *in limine* must be filed no later than **October 3, 2016**; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **October 7, 2016**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge

4

Case 3:15-cr-00134-TAV-JEM    Document 61    Filed 04/22/16    Page 4 of 4    PageID #: 208